## Monk Harris v. The State.

### No. 3071.   Decided February 8, 1905.

**1.—Burglary—Charge of Court.**

Where in other portions of the charge appellant's proposition was submitted to the jury to the effect that the defendant must have made the entry, etc., there was no error.

**2.—Same—Argument of Counsel—Response—Written Request.**

See opinion for argument of counsel which was entirely proper, and for other language which was in response to argument of counsel for appellant: however, there was no written request that it should be disregarded and there was evidence not objected to upon which the State's counsel based his argument.

**3.—Same—Newly Discovered Evidence.**

See opinion for facts which do not come within the rule of newly discovered evidence, and which in the light of the record are not probably true; furthermore, the affidavits did not show that affiants were present or saw the difficulty.

**4.—Same—Separate Offenses—Daytime and Night-time Burglary.**

Where the indictment charged a daytime and a night-time burglary of a private residence, and appellant did not complain of this in his motion for new trial, and the statute makes it a separate offense to burglarize a private residence at night from a burglary of a private residence in daytime, there was no error.

Appeal from the District Court of Collin. Tried below before Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—The indictment contains two counts; one charging burglary of a private residence in the daytime, and the other charging the burglary of a private residence at night. Upon convic-

tion, appellant's punishment was fixed at five years confinement in the penitentiary.

In his motion for new trial, complaint is made of the following portion of the court's charge: "Before you would be warranted in finding a verdict of guilty you must be satisfied from the evidence beyond a reasonable doubt that an entry was made into a private residence in the night-time, etc., whereas the law is and the court should have instructed the jury that they must believe from the evidence beyond a reasonable doubt that the entry was made by the defendant." The charge does so state, and in other portions of the charge appellant's proposition is charged to the jury.

Appellant also insists that the court erred in not excluding the following statement of State's counsel in his argument to the jury: "Did you ever see a set of circumstances wind more completely around a 'criminal' than they do around this defendant?" And also, the following language: "I do not believe that the lowest penalty should be given to a man whose picture is in the rogues' gallery at Dallas, and who would hire counsel to come here and abuse the officers of the law as this criminal has done." The first argument was entirely proper. The latter argument was not requested in writing by appellant to be disregarded by the jury. Furthermore it appears to be in legitimate response to argument of appellant's counsel. And the testimony to the same effect was introduced without objection.

He also insists the motion for new trial should have been granted on account of newly discovered evidence, and attaches to his motion the affidavit of two witnesses; in which affidavits they swear that defendant is not the party who had a difficulty with Wallace Stiff in the town of Dallas; that they do not know who the party was, but it was not defendant, Monk Harris. The evidence as disclosed by the record shows that the house was burglarized in McKinney, Collin County; and subsequently prosecuting witness White came to the city of Dallas, in company with Wallace Stiff, and found his overcoat, which had been taken out of his residence, in the possession of defendant. Prosecuting witness left defendant in possession of Wallace Stiff until he could go and secure an officer to have defendant arrested. Immediately after prosecutor started off, defendant broke to run, and shot at Stiff and Stiff shot at defendant. Both prosecuting witness and Stiff thoroughly identified defendant, and completely identified the overcoa found in possession of defendant as belonging to the prosecuting witness. The proof also shows that defendant was seen in the neighborhood of the house just prior to the time the same was burglarized. We do not think the newly discovered evidence relied upon authorized the lower court to grant a new trial. In the first place it does not come within the rule of newly discovered evidence; and secondly, it is not probably true, in the light of this record. Furthermore the affidavits do not show that officers were present or saw the difficulty.

Appellant also complains that the verdict of the jury is not intelligible. The verdict is in proper form.

As stated above, the indictment charges a daytime and night-time burglary of a private residence. However, appellant does not complain of this in motion for new trial. Under our burglary statutes it is made a separate and distinct offense to burglarize a private residence at night, and still the Legislature left the burglary of a private residence in the daytime as it stood prior to the amendment of the burglary statute. For a discussion of this matter see Holland v. State, 7 Texas Ct. Rep., 912; Williams v. State, 2 Texas Ct. Rep., 359. This matter not having been complained of by appellant, it does not authorize a reversal.

The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.